IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CATHERINE M. STARR** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 2:07cv68HSO-RHW |
| | § | |
| **UNITED STATES OF AMERICA** | § | **DEFENDANT** |

## ORDER DENYING MOTION FOR PERMISSION TO FILE

Before the Court is the Motion [30] of Plaintiff Catherine M. Starr for Permission to File a Complaint in the United States District Court, filed on December 20, 2011, in the above captioned case. After consideration of the Motion and the record in this case, and for the reasons discussed below, the Court finds that Plaintiff's Motion should be denied.

### I. BACKGROUND

By Order [2] dated April 12, 2007, United States District Judge Keith Starrett dismissed Plaintiff's Complaint [1] in this case on grounds that Plaintiff had not obtained permission from a district judge prior to filing her Complaint [1], as required by the United States Court of Appeals for the Fifth Circuit in *Starr v. Howard, et al.*, No. 97-60168 (5th Cir. Aug. 21, 1997) ("Sanction Order"). In the Sanction Order, the Fifth Circuit directed that "the Clerk of the Southern District of Mississippi [is] not to accept pleadings or other filings from Starr without the written permission of a district judge." *Starr v. Howard, et al.*, No. 97-60168 (5th Cir. Aug. 21, 1997) . On May 8, 2007, Plaintiff appealed Judge Starrett's April 12, 2007, Order [2] dismissing her Complaint [1]. Not. of Appeal [7]. The Fifth Circuit

affirmed Judge Starrett's Order [2], stating that "[t]he record is clear that [Plaintiff] was sanctioned by this court and that she had not complied with the sanction order by requesting and receiving permission to file the instant complaint. The district court did not abuse its discretion in enforcing the prior sanction order by dismissing Starr's complaint." *Starr v. United States of America*, 267 F. App'x 372 (5th Cir. 2008).

Plaintiff filed a petition for rehearing before the Fifth Circuit, which was denied on April 10, 2008. *Starr v. United States*, No. 07-60405 (5th Cir. April 10, 2008). The Court of Appeals further denied Plaintiff's request for sanctions against Judge Starrett and various Fifth Circuit judges for enforcing the Sanction Order. *Starr v. United States*, No. 07-60405 (5th Cir. May 1, 2008). Plaintiff then sought certiorari to the Supreme Court of the United States, which was denied on October 6, 2008. *Starr v. United States*, 555 U.S. 881 (2008).

On November 28, 2011, Judge Starrett recused himself from this case on grounds that Plaintiff had indicated a desire to file a complaint against him for violating her constitutional rights pursuant to 42 U.S.C. § 1983. Order [29]. On December 20, 2011, Plaintiff filed the present Motion, seeking permission "to file [a] complaint against Judge Starrett and the fifth circuit court of appeals judges who issued, order No. 97-60168, to the U.S. district court for the southern district of Mississippi." Mot. at p. 4. Plaintiff's primary contention is that enforcement of the Sanction Order has impermissibly denied her access to the Court. Plaintiff requests reversal of both the Sanction Order and this Court's April 12, 2007, Order [2]

dismissing her Complaint [1] against the United States. *Id*. at p. 3.

## II. DISCUSSION

Whether enforcement of a sanction order constitutes a denial of access to the courts depends upon whether a claimant can show actual prejudice as a result of the alleged denial. *Mikkilineni v. City of Houston*, 435 F. App'x 298, at *1 (5th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996)). "In order to demonstrate actual prejudice, a prospective plaintiff must show his ability to pursue a nonfrivolous legal claim." *Id*. (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

In substance, each of Plaintiff's arguments advanced in her current Motion before the Court have been previously addressed by the Fifth Circuit, *see Starr v. United States of America*, 267 F. App'x 372 (5th Cir. 2008) and *Starr v. United States*, No. 07-60405 (5th Cir. May 1, 2008), and the Supreme Court has declined review by denying Plaintiff's petition for writ of certiorari, *see Starr v. United States*, 555 U.S. 881 (2008). A court is empowered to place prohibitions on future filings, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986), and this Court is obligated to follow the directives of the Court of Appeals, MOORE'S FEDERAL PRACTICE § 134.02 (2011). This Court has no authority to set aside or disregard a decision of the Fifth Circuit. For all of these reasons, Plaintiff's request for reversal of the Sanction Order and this Court's April 12, 2007, Order [2] is not well-taken.

To the extent Plaintiff seeks to file claims against Judge Starrett and the

Fifth Circuit judges, they are afforded absolute judicial immunity from suit. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions."). Thus, the claims Plaintiff wishes to pursue against these judges would be futile.

### III.  CONCLUSION

In sum, Plaintiff has not shown that her claims are nonfrivolous, and she cannot satisfy the prejudice requirement necessary to pursue a denial of access to the courts claim. For the foregoing reasons, Plaintiff's Motion for Permission to File should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [30] of Plaintiff Catherine M. Starr, for Permission to File a Complaint in the United States District Court is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 9th day of January, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE